SOUTHERN RY. CO. v. CITY COUNCIL OF GREENVILLE.

RAILROAD—MUNICIPAL CORPORATION—LICENSE TAX.—Where a railroad company owns and operates two connecting lines, under individual names, but under one management, and having but one agent in a city into which both run, where, for the convenience of the public, more than one depot is maintained, the company is liable for one license tax only, under the city's ordinance requiring every corporation or person to pay a special license tax for carrying on a business.

Before ALDRICH, J., Greenville, August, 1895. Reversed.

Controversy between the Southern Railway Company and the City Council of Greenville, in regard to a license tax, on an agreed statement of facts. Judgment for defendant. Plaintiff appeals.

*Mr. T. P. Cothran,* for appellant.

*Mr. Jos. A. McCullough,* contra.

Feb. 29, 1896.  The opinion of the Court was delivered by MR. JUSTICE GARY.  This is a controversy submitted without action upon the following agreed statement of facts: "1. That the Southern Railway Company is a corporation created under the laws of Virginia and legally doing business in the State of South Carolina, and that the City Council of Greenville is a municipal corporation, created under the laws of the State of South Carolina, and vested with power to conduct the municipal affairs of the city of Greenville. 2. That the fiscal year of said city runs from January to January, and taxes are collected in advance. That the regular tax ordinance for the year 1895 contains the following, amongst other sections: Section 4. No person, firm or corporation shall carry on any business or profession hereinafter mentioned without having first paid a special license tax therefor, as follows, to wit: the provision as to railroads being, 'Railroads, for business done within the State, and not including that done without the State, $300.' 3. That the Southern Railway Company owns and operates what was lately known as the Columbia and Greenville Railroad, and the Atlanta and Charlotte Air Line Railway, both of which run into the city of Greenville, and are under one management and have but one agent in said city, though having, for the convenience of the public, more than one depot, with ticket agent at each, connected by its tracks; said roads having separate charters, the Columbia and Greenville Road being chartered by the State of South Carolina, and the Atlanta and Charlotte Air Line by the States of North Carolina, South Carolina, and Georgia, but operated by the Southern Railway Company, under the statute of the State allowing foreign corporations to own property and carry on business in the State, under certain conditions, which conditions have been complied with.    4.

That the Southern Railway Company contended and contends that it is liable for but one license tax under the tax ordinance aforesaid, while the contention of the said city of Greenville was and is that said company should pay two license taxes by reason of its ownership aforesaid, or that the two roads are each liable for its said license fee.    5. That, being unable to agree, the said Southern Railway Company paid the said two licenses under protest, filing with the treasurer of said city council, at the time of paying the same, the protest, a copy of which is hereto attached, and marked exhibit A."

The question submitted to the Court upon this case is: Was the said Southern Railway Company liable for two license taxes under the ordinance aforesaid, or only one, or is each of the aforesaid roads liable for said tax?    If for two, then the controversy is decided in favor of the said city council of Greenville.    If for one only, then said city council is to return to said Southern Railway Company the sum of $300.    The judgment in either case being subject to the right of appeal as provided by the statute.    The following certificate, by agreement, was admitted as a fact in the case:

"South Carolina, county of Greenville.    This is to certify that prior to the present fiscal year, to wit: for the fiscal year 1894, the Richmond and Danville Railroad Company paid into the city treasury the annual license tax of $150 each for the Atlanta and Charlotte Air Line and the Columbia and Greenville Railroads; and the Southern Railway Company, as its successor, has paid for current fiscal year two license taxes of $300 each on the Atlanta and Charlotte Air Line and upon the Columbia and Greenville Railroad, $300 of said amount having been under protest. The Port Royal and Western Carolina has paid as license tax for the current fiscal year the sum of $300.    The Carolina, Knoxville and Western Railroad Company, for the current fiscal year, has paid its license fee of $50.    The city council of Greenville adopts the assessment used for State and county taxation and valuation of all railroad

property within the city limits, and collects the taxes from the various railroads accordingly.    F. J. Bostick, clerk and treasurer C. G.    July 19, 1895."

The presiding Judge decided in favor of the city council of Greenville.    The plaintiff appealed to this Court upon numerous exceptions, but they will not be considered *seriatim*, as the plaintiff's attorney admits in his argument that they raise practically but one question.

Section 1623 of the Revised Statutes empowered the Southern Railway Company to purchase the two roads mentioned in the "Case."    This section is as follows: "When any railroad shall be sold and conveyed by virtue of any mortgage or deed of trust, or under any by virtue of any process or decree of any Court of the State, or of the Circuit Court of the United States, it may be lawful for any company whose railroad connects therewith to purchase and pay for the same, to issue their own stock for such an amount as the purchasers may deem the full and fair value thereof, and to hold and enjoy the railroad so purchased, with all the rights, privilegs, and franchises, and with the same rights to charge for tolls, transportations, and car services, and subject to the same restrictions as were held, enjoyed, and limited by and in respect to the company whose road may have been so sold."    The purchase by the plaintiff of the two railroads aforesaid was practically to consolidate them and make them one road.    Therefore, only one license should be required of the plaintiff.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE POPE.    Being bound by the agreed statement of facts underlying this controversy, so far as the Air Line Railroad is concerned, I concur.